Joseph R. Morris, Plaintiff in Error, v. A. G. Cuthbert, Defendant in Error.

Gen. No. 15,320.

1. SALES—*when vendor entitled to recover purchase price.* If a vendor performs a contract of sale on his part and the vendee refuses to accept the articles sold, the vendor is entitled to recover the purchase price.

2. CONTRACTS—*when substantial performance not sufficient.* Substantial performance of a contract to build a boat according to specific

directions is not sufficient; the contract must be strictly complied with.

3. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. FRED L. FAKE, JR., Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910.

**Statement by the Court.** Defendant, a boat builder, contracted in writing with plaintiff to build for him a gasoline launch, in accordance with the specifications set out in the contract, at the price of $1,350, payable 25% with the order, 25% when the hull was completed and engine installed, 25% on delivery, and 25% after thirty days' trial of the boat in actual service. The contract was made April 11, 1908, and provided that the boat should be made within seven weeks from the receipt of the order. The boat was finished July 18 and tendered to plaintiff July 24, who refused to accept it on the ground of delay and also on the ground that it was not built according to specifications. Plaintiff paid defendant 25% of the price, $337.50, the day the contract was made, and a further sum of $337.50 June 25. August 11, 1908, plaintiff brought suit to recover the $675 paid by him to defendant on the contract. The defendant by way of set-off asked judgment for $675, the unpaid portion of the contract price. The trial resulted in a verdict for the defendant for $675, on which judgment was entered, to reverse which the plaintiff prosecutes this writ of error.

WINSTON, PAYNE, STRAWN & SHAW, for plaintiff in error; EDWARD W. EVERETT, of counsel.

DEFREES, BUCKINGHAM, RITTER & CAMPBELL, for defendant in error; H. A. FISCHER, JR., of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

Soon after the contract was made defendant told plaintiff that because of a fire in the works of the company which

was to make the engine, there would be delay in its delivery, but that the delay would be less if defendant waited for the engine he had ordered, than it would be if he ordered an engine from another concern. The time for the delivery of the boat fixed by the contract was May 30. The engine was delivered to defendant June 23 and June 25. plaintiff made to defendant the second payment of $337.50, which the contract provided should be paid when the boat was completed and engine installed. If plaintiff intended to reject the boat when finished because of the delay in its delivery occasioned by the delay in furnishing the engine, he should have so stated to defendant when told that there would be such delay. This he not only failed to do, but after the engine was delivered to defendant he made the second payment on the contract to defendant. It is not shown that there was any unnecessary or avoidable delay in completing the boat after the delivery of the engine to defendant. We think that from the evidence the jury might properly find that plaintiff waived the right to refuse to accept the boat on the ground of delay in its delivery. Moline Malleable Iron Co. v. McDonald, 38 Ill. App. 589.

Plaintiff in error contends that the boat was not built in accordance with the contract, and that therefore the plaintiff might refuse to accept it and recover the amounts paid on the contract.

Defendant testified that after the contract was made plaintiff said to him, "I know nothing about a boat and I am trusting to you to give me a good boat, and if you know anything to make it better you will do so," and that he told plaintiff that, "If I found at any time during the construction of his boat that there was anything that I could improve or that I thought would be to his advantage, I would do it." Plaintiff testified that he had no such conversation with defendant, but from the evidence the jury might properly find that such conversation occurred, and that thereby the contract was so modified as to give to the defendant the right to make changes from the specifications if in his judgment it would be to the advantage of the plaintiff to do so.

Defendant testified that he still had the boat. If the defendant performed the contract on his part and the plaintiff refused to accept the boat, defendant was entitled to recover the unpaid portion of the purchase price. Shawhan v. Van Nest, 25 Ohio S. 490, and cases there cited.

It was not sufficient for the defendant to show a substantial performance of the contract on his part. To entitle him to recover he was bound to show that the boat which he tendered to plaintiff complied in all material things with the contract.

The specifications provide that the keel shall be of "clear, sound white oak." In the keel were weather checks and a few small knots. On the question whether the keel was in accordance with the requirements of the specifications the testimony was conflicting, and we cannot say that the jury might not from the evidence properly find that question in favor of the defendant.

We do not think that the fact that on four or five of the forty ribs of the boat shims were required, shows that the ribs, "were not bent to shape over molds," as required by the specifications. The ribs were each bent to a different curve. The evidence shows that ribs after bending are liable to spring or draw, and that it is exceptional when such a boat is built without shims between some of the ribs and the planking to make the joint close.

Defendant testified that he put in the engine bed in a manner somewhat different from that provided for in the specifications, and that he put the exhaust water above in place of under water, as the specifications provided; that he thought the way in which he put in the engine bed was better than the way mentioned in the specifications, and that it was better to have the exhaust above than below water.

We think that from the evidence the jury might properly find that the changes referred to were made by the defendant because he believed it would improve the boat to make them, and if after the contract was made the parties agreed that the defendant should make such changes as he thought would

improve the boat, the plaintiff could not reject the boat because of such changes.

In building the boat a bolt or spike was accidently driven through the bottom of the boat. It was cut off flush with the planking and the end painted. This did not, in our opinion, give the plaintiff the right to reject the boat.

The fact that the name of the boat was in aluminum letters on the stern in place of on both sides of the bow, as plaintiff requested, did not, we think, give the plaintiff the right to reject the boat.

As to the limbers and limber chains the testimony is conflicting and from the evidence the jury might properly find that the limbers were of sufficient size and that the boat was provided with a limber chain as required by the specifications. The other objections to the boat made by plaintiff we regard as captious.

Whether the defendant, after the plaintiff refused to accept the boat, used it for his own benefit and thereby lost the right to recover the unpaid portion of the contract price, was, we think, on the evidence, a question of fact on which the verdict of the jury must be held conclusive against the plaintiff.

We cannot, on the evidence in this record, say that the verdict is so clearly against the weight of the evidence as to require a reversal of the judgment, and it will therefore be affirmed.

*Affirmed.*